ORIGINAL
FILED

1   Mildred K. O'Linn, Esq., No. 159055
2   MANNING & MARDER
    KASS, ELLROD, RAMIREZ LLP                     2010 FEB 16  A II: 35
3   15th Floor at 801 Tower                ADR
    801 South Figueroa Street                        RICHARD W. WIEKING
4   Los Angeles, CA  90017                        CLERK, U.S. DISTRICT COURT
    Telephone:   (213) 624-6900                        N.D. CA. SAN JOSE
5   Facsimile:   (213) 624-6999
6   mko@mmker.com                          E-filing

7   Attorneys for Defendant,
    TASER International, Inc.
8

9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA

11

12  DAVID BUTLER as Conservator of the    C 10 - 00644
    Person and Estate of Steven Alan Butler
13                                        Case No.: _____
                Plaintiff,
14                                        NOTICE OF REMOVAL
15      vs.

16  TASER INTERNATIONAL, INC.,
    and DOES 1 to 20 inclusive,
17
                Defendants.
18

19
        Defendant TASER International, Inc. ("TASER"), pursuant to 28 U.S.C.
20
21  §§1441 and 1446, hereby removes this action filed by Plaintiff David Butler, from

22  the Superior Court of the State of California, Santa Cruz County, to the United

23  States District Court for the Northern District of California, San Jose Branch, which

24
    is the judicial district and branch in which the action is pending, on the following
25
26  grounds:

27

28

    Notice of Removal                              N.D. Cal. Case No. _____
                                   1

1.     Removal of this action to this Court is proper under 28 U.S.C. §1441(a) because the Court has original jurisdiction on the basis of diversity of citizenship, 28 U.S.C. §1332.  This removal is also timely under 28 U.S.C. §1446.

2.     Plaintiff filed an action in the Superior Court of California for the County of Santa Cruz, entitled *David Butler, as Conservator of the Person and Estate of Steven Alan Butler v. TASER International, Inc., ProForce Marketing, Inc., and Does 1 through 20, inclusive*, Case No. CV 161436.  A true and accurate copy of the Complaint for Damages is attached as Exhibit A.

## II.   TASER'S REMOVAL IS PROPERLY BASED ON DIVERSITY JURISDICTION.

3.     This is an action over which this Court has diversity jurisdiction, pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.     For purposes of 28 U.S.C. §1332 and 28 U.S.C. §1441, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. . . ."  28 U.S.C. §1332(c)(2).

5.     The decedent was a resident of California.  Ex. A, Complaint for Damages, at ¶1 ("At all times herein mentioned, conservator, David A. Butler and conservatee, Steven Alan Butler were residents of Santa Cruz County, California.").  Thus, Plaintiff is deemed to be a citizen of California.

6.     TASER is a Delaware Corporation having its principal place of business in Arizona.  Ex. A, Complaint for Damages, at ¶2.

7.     The only other defendant in the state court case was ProForce Marketing, Inc. ("ProForce"), but Plaintiff dismissed ProForce on February 10, 2010 and it is no longer a party to this case.  *See* Ex. B, Request for Dismissal.

8.     Plaintiff is seeking damages from TASER in an amount in excess of $75,000.   Specifically, Plaintiff is seeking hundreds of thousands of dollars in medical damages from TASER.     *See* Ex. C, Plaintiff's Responses to Special Interrogatories (Set One), at 11; Ex. D, Plaintiff's Responses to Form Interrogatories (Set One), at 7-9.   In addition, Plaintiff is seeking over $3,000,000 in economic damages, as set forth in Plaintiff's expert report.   Ex.C, Plaintiff's Responses to Special Interrogatories (Set One), at 11; Ex. E, Economic Impact Report, by Plaintiff's expert witness Robert W. Johnson.

9.     Because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and because Plaintiff is a citizen of a different state than TASER, diversity jurisdiction over this matter exists pursuant to 28 U.S.C. §1332, and the lawsuit is properly removed to this Court pursuant to 28 U.S.C. §§1441 and 1446(a).

10.     Removal of this action to this Court also is proper under 28 U.S.C. §1441(b) because, as set forth above, no current defendant is a citizen of the State of California in which this action has been brought.

11.     Removal of this action is not prohibited by 28 U.S.C. §1445.

**III.    TASER'S REMOVAL IS TIMELY**

12.    While Plaintiff filed his Complaint on September 17, 2008,[1] the case only became removable very recently on February 10, 2010. Specifically, the Complaint for Damages was filed against TASER and ProForce. Ex. A, Complaint for Damages. ProForce is a citizen of California, as it "is a corporation with a principle place of business in Brea, California." Ex. A, Complaint for Damages, at ¶3.

13.    On February 10, 2010, Plaintiff dismissed its claims against ProForce. *See* Ex. B, Request for Dismissal.

14.    As a result, this case did not meet the requirements for diversity jurisdiction until February 10, 2010, when all of the remaining parties to the case became diverse to each other.

15.    This removal is timely under 28 U.S.C. §1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS §1332] more than 1 year after commencement of the action.

16.    This removal complies with the above 30-day deadline, as the case became removable on February 10, 2010, when Plaintiff dismissed the non-diverse

---

[1] Plaintiff served a summons and copy of the Complaint on TASER on September 25, 2008. *See* Ex. A and K.

defendant ProForce, and the only remaining parties, Plaintiff and TASER, were diverse. TASER now files this removal within 30 days of February 10, 2010.

17. As to the 1-year non-jurisdictional deadline in 28 U.S.C. §1446(b), that deadline should be equitably tolled because of Plaintiff's improper tactical use of its claims against ProForce to defeat diversity jurisdiction and avoid a removal by TASER.

18. Although §1446(b) provides a 1-year bar for removals, "[s]ection 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003). In fact, where a plaintiff takes action to defeat federal jurisdiction and engages in forum manipulation to wait out the 1-year bar in §1446(b), the plaintiff will be equitably estopped from seeking a remand. *Id.* at 428. ("Equity demands Tedford be estopped from seeking to remand the case on the basis of the one-year limit in §1446(b)."); *Brower v. Staley, Inc.*, 306 Fed. Appx. 36, 38 (5th Cir. 2008) ("Brower's actions regarding the amount of damages he sought in his pleadings justify an equitable exception to 28 U.S.C. §1446(b)'s one-year limit."); *Lafazia v. Ecolab, Inc.*, Case No. 06-491ML, 2006 U.S. Dist. LEXIS 89890, *9 (D.R.I. Dec. 11, 2006) ("[T]his Court concludes that it would be inequitable to deprive Ecolab of its right to remove this case on diversity grounds on these unique facts."); *In re: Rezulin Prods Liab. Litig.*, Case No. 00 Civ. 2843, 2003 U.S. Dist. LEXIS 26528, *7-8 (S.D. N.Y. June 11, 2003) ("Thus, in all the circumstances, the Court is inclined to the view that an equitable exception to the one-year time limit imposed by Section 1446(b) is warranted where, as here, the circumstances suggest that the

plaintiff acted tactically to avoid removal and the interests of justice favor removal."); *Morrow v. Wyeth*, No. B-05-209, 2005 U.S. Dist. LEXIS 43194, *20 (S.D. Tex. Oct. 13, 2005) ("When the Court finds that forum manipulation has occurred, it has discretion to override the statutory time limitations.); *Ardion v. Stine Lumber Co.*, 298 F. Supp. 2d 422, 429 (W.D. La. 2003) ("Considering all of the circumstances this court concludes that equity dictates that the one-year time limit of §1446(b) should be extended in this case so as to allow removal."); *Morrison v. National Benefit Life Ins. Co.*, 889 F. Supp. 945, 951 (S.D. Miss. 1995) ("The Court finds that the cases at bar cry out for denial of Plaintiffs' Motions to Remand, because of their obvious attempt to manipulate the forum.").[2]

19.    Moreover, many courts, including this Court, have held that "failure to remove within the one-year time limit established by §1446(b) is not a jurisdictional defect . . ." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 616 (3d Cir. 2003); *Jackson v. Wal-Mart Stores, Inc.*, 588 F. Supp. 2d 1085, 1088 (N.D. Cal. 2008) ("Construing the one-year limit as a procedural requirement in the instant case comports with the legislative purpose underlying the removal statute. . . . Derailing the case again by sending it back to state court would not be in the interest of judicial economy and would reward Jackson's dilatory tactics."); *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543, 545 (N.D. Cal. 1989) (amendment to

---

[2] The Ninth Circuit in *Ritchey v. Upjohn*, 139 F.3d 1313 (9th Cir. 1998) explicitly left the issue open as to whether the 1-year bar of §1446(b) could be equitably tolled. *Ritchey v. Upjohn*, 139 F.3d at 1317-18 ("Finally, some courts have applied equitable estoppel doctrines to permit removal once they have decided that the except clause basically applies to defendants first served after one year has passed. . . . For the purposes of this case we need not decide whether courts should use that kind of sortilege to contract the except clause with an exception-to-the-exception overlay").

28 U.S.C. §1446(b) prohibiting "removal more than one year after commencement of a suit . . . is a procedural one"); *Price v. Am. Cyanamid Co.*, No. 2:04-CV-242, 2004 U.S. Dist. LEXIS 23507, *18 (N.D. Ind. Nov. 16, 2004) ("We also find that the one-year limit on removal is procedural, and not jurisdictional."); *In re: Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) (untimeliness of a removal is procedural, not jurisdictional).[3]

20.     It is well known that the plaintiff's bar seeks to avoid the federal courts: "Plaintiff attorneys' preference for state courts is undisputed . . . ." *See* Ex. F, Erik B. Walker, *Keep Your Case in State Court: Defendants Know that Litigating in Federal Court Can Be Costly and Time-Consuming for Plaintiffs.  Knowing How to Combat Removal Attempts Will Ensure Timely Justice for Your Client*, TRIAL, Sept. 1, 2004.  One of the strategies of the plaintiff's bar to avoid federal court is to plead to circumvent diversity jurisdiction, thus defeating a defendant's removal rights.  *Id.* ("Sue nondiverse defendants.  Plaintiff attorneys too often focus their attention on 'target defendants,' even though others may also be liable for their clients' injuries.  Often, multiple entities' wrongdoings combine to produce a single injury.  These additional wrongdoers may be citizens of the same state as your client.  Suing them as well as the 'principal tortfeasors' can destroy diversity, eliminating federal jurisdiction. . . .  You should therefore consider suing such entities, regardless of

---

[3] In *Catepillar Inc. v. Lewis*, 519 U.S. 61 (1996), the Supreme Court noted in *dicta* that "[h]ad Caterpillar [diverse defendant] waited until the case was ripe for removal, i.e., until Whayne Supply [nondiverse defendant] was dismissed as a defendant, the 1-year limitation would have barred the way, and plaintiff's choice of forum would have been preserved."  *Caterpillar*, 519 U.S. at 75.  However, the Court's statement regarding the 1-year bar in §1446(b) was *dicta* and was not part of the issues to be decided by the Court.  Moreover, subsequent to *Caterpillar* many federal courts have declared that the one-year provision is not jurisdictional.

whether you anticipate receiving a substantial recovery from them, in order to keep your lawsuit in state court."). In fact, the plaintiffs bar specifically recommends defeating a removal by waiting one year before dismissing a nondiverse defendant from a case:

> Avoid dismissing nondiverse defendants for at least one year. The removal statute permits defendants to remove a lawsuit within 30 days of the filing of the first pleading (original or amended) establishing federal jurisdiction. One exception is that no lawsuit not initially removable may be removed on diversity grounds more than a year after its commencement . . .
>
> . . .
>
> Consider maintaining your causes of action against at least one nondiverse defendant for a full year after filing your original complaint, even though the opportunity for settling with that defendant may arise earlier.

*Id.*

21.   Plaintiff's tactics in adding ProForce as a defendant in its state court action to defeat federal jurisdiction and a removal requires that the Court equitably toll the 1-year bar in §1446(b). Plaintiff filed his action in September of 2008 against TASER and ProForce. *See* Ex. A. Once a year passed after Plaintiff's commencement of its action, Plaintiff no longer had any reason to pursue its claims against ProForce. In fact, on December 2009, ProForce (as well as TASER) filed a Motion for Summary Judgment on all of the claims asserted by Plaintiff, which set a hearing date for February 19, 2010. *See* Ex. G, Defendants' Motion for Summary Judgment. Because Plaintiff no longer needed to assert claims against ProForce because a year had passed since the filing of his Complaint, Plaintiff did not file a

response to the Motion for Summary Judgment as to ProForce, and instead filed a dismissal of ProForce as the hearing approached.  *See* Ex. B, Request for Dismissal.[4]

22.    Moreover,    Plaintiff's    tactics    regarding    ProForce's    scheduled Independent Medical Exam to assess Plaintiff's cardiac condition for causation purposes demonstrates the forum manipulation by Plaintiff.   Plaintiff's recent dismissal of ProForce with that IME days away also shows that Plaintiff engaged in inequitable forum shopping.   On January 14, 2010, ProForce noticed an IME for February 15, 2010, which was later continued to February 22, 2010, focusing on Plaintiff's cardiac issues.  *See* Ex. H, Declaration of Tony Sain, ¶13; Ex. I, Notice of IME.   Plaintiff's counsel did not formally respond or object to the IME, and continually ignored follow-up communications to confirm the procedure, despite an oral promise by Plaintiff's counsel that he would address the issue with TASER and ProForce's counsel.  *See* Ex.H, Declaration of Tony Sain, at ¶¶16-19, 23.  With the date of the IME approaching, and with no further need to pursue ProForce because a year had passed since the commencement of this action, Plaintiff suddenly dismissed ProForce.  *See* Ex. B, Request for Dismissal.   This avoidance of the IME shows Plaintiff's inequitable conduct as the cardiac expert, Dr. Jay Schapira, found that "Conservatee   must   undergo   a   complete   cardiac   examination   in   order   to appropriately assess the nature, cause, and extent of Conservatee's alleged cardiac arrest, if any , on the date of the Incident at issue in plaintiff's complaint, as well as to evaluate the circumstances and/or factors contributing to such cardiac arrest, if

---

[4] One of Plaintiff's counsel of record in this case has pursued other cases against TASER, such as *Rosa v. TASER and City of Seaside* in this Court, and has not previously named ProForce.

any, including any pre-existing conditions or incident events, and also to evaluate the current status and prognosis of Conservatee's cardiac function or condition." *See* Ex. J, Declaration of Jay Schapira, at ¶8.  Such an examination could be complete in 4 hours.  *Id.* at ¶10.  Moreover, Dr. Shapira already made significant preparations and incurred fees and costs for the Conservatee's IME based on the proper Notices of IME.  *Id.* at ¶¶18-19.  Plaintiff's dismissal of ProForce before the IME demonstrates that Plaintiff was willing to use ProForce for its own tactical benefits – in the first instance to defeat diversity jurisdiction, and then in the second to dismiss ProForce to avoid an inconvenient IME, after a year had passed to bar removal.  Plaintiff's abandonment of its claims against ProForce again shows that Plaintiff was not truly pursuing a claim against ProForce other than to defeat diversity jurisdiction and avoid a removal.

23.    Plaintiff's failure to pursue its claims against ProForce shows that ProForce was merely added as a defendant in the state court action to defeat diversity jurisdiction and avoid a removal to federal court.  As the case law above shows, engaging in such gamesmanship and forum shopping compels that the 1-year limit in §1446(b) be equitably tolled to allow for a removal.  Because Plaintiff engaged in forum manipulation in this case, the Court should find that TASER's removal is timely based on equitable considerations.  Indeed, TASER has removed within six days of the action becoming diverse.

24.    Written notice of the filing of TASER's Notice of Removal has been served on counsel for Plaintiff as evidence by the attached Certificate of Service.

Notice of Removal                                                    N.D. Cal. Case No. _____

25.     A true and accurate copy of TASER's Notice of Removal has been filed with the Clerk of the Superior Court of Santa Cruz County, State of California.

26.     Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon TASER in this action is attached hereto as Exhibit K.

WHEREFORE, Defendant, TASER International, Inc., hereby removes this action from the Superior Court of Santa Cruz County, California, to this United States District Court.

DATED:      February 16, 2010

Respectfully submitted,

MANNING & MARDER,
KASS, ELLROD, RAMIREZ LLP

By:  _/s/ Mildred K. O'Linn_

Mildred K. O'Linn, Esq., No. 159055
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA  90017
Telephone:   (213) 624-6900
Facsimile:   (213) 624-6999
Email:       mko@mmker.com

Attorneys for Defendant
TASER International, Inc.