G. Dana Scruggs, Esq.; SBN 096152
CARTWRIGHT, SCRUGGS, FULTON & WALTHER
Attorneys at Law
340 Soquel Avenue, Suite 215
SANTA CRUZ, CALIFORNIA 95060
Telephone: (831) 426-7040

John Burton, Esq.
LAW OFFICES OF JOHN BURTON
414 South Marengo Avenue
Pasadena, CA 91101

Attorneys for: Plaintiff DAVID BUTLER as Conservator of the
Person and Estate of Steve Alan Butler

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CRUZ

| | |
|---|---|
| DAVID BUTLER as Conservator of the Person and Estate of Steven Alan Butler,<br><br>Plaintiffs,<br><br>vs.<br><br>TASER INTERNATIONAL, INC., PROFORCE MARKETING, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | ) Case No.  CV 161436<br>)<br>) **PLAINTIFF'S RESPONSES TO**<br>) **SPECIAL INTERROGATORIES (SET**<br>) **ONE)***<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EXHIBIT**

**C**

**PROPOUNDING PARTY:**     Defendant TASER INTERNATIONAL, INC.

**RESPONDING PARTY:**     Plaintiff DAVID BUTLER

**SET NUMBER:**     ONE*

It should be noted that this responding party has not fully completed investigation

of the facts relating to this case, has not fully completed discovery in this action, and has

not completed preparation for trial.  All answers contained herein are based only upon

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

1  such information and documents that are presently available to and specifically known to

2  this responding party.  It is anticipated that further discovery, independent investigation,

3  legal research and analysis will supply additional facts, add meaning to the known facts,

4  as well as establish entirely new factual conclusions and legal contentions which may lead

5  to substantial additions to changes in and variations from the contentions herein set forth.

6      Plaintiff objects to the various instructions and admonitions from page 2 to page 4

7  of Defendant TASER International, Inc.'s Special Interrogatories to Plaintiff, Set One, and

8  that said instructions, definitions and other admonitions are not allowed and are

9  ineffective under California law.  Additionally, Plaintiff objects to the various instructions,

10  definitions and admonitions contained within a number of the Special Interrogatories and

11  that they are not only not allowed by law, but also make the various Special

12  Interrogatories compound and incomplete in and of themselves.  Without waiving said

13  objections, Plaintiff agrees to assume-as instructed by Defendant TASER-that whenever

14  Defendant TASER's Special Interrogatories uses the term "Butler", Defendant TASER is

15  referring to Conservatee Steven Alan Butler.

16

17  **Special Interrogatory No. 1:**

18      State, in detail, all facts to support your claims that Defendant TASER International,

19  Inc. was negligent in any of its acts or omissions toward Butler, including but not limited

20  to any and all facts regarding your claims that TASER was negligent in its manufacture,

21  design, distribution, or warnings regarding the product.

22  **Response:**

23      Plaintiff objects to the form of this Special Interrogatory on the grounds that it is

24  compound and duplicative of Special Interrogatories Nos. 2, 3, and 4 below.  Without

25  waiving said objections, plaintiff responds as follows:

26      See Plaintiff's individual responses to Special Interrogatories Nos. 2, 3 and 4, below.

27  ///

28  ///

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

**Special Interrogatory No. 2:**

State, in detail, all facts to support your claims, if any, that any product that you contend to have been involved in the incident contained a manufacturing defect at the date and time of the incident.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that is calls for expert opinion subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it is vague as to the meaning of the expression "manufacturing defect". Without waiving said objections and subject to Plaintiff's right to supplement and expand on this response in his expert witness disclosures, Plaintiff responds as follows:

Plaintiff has not yet inspected the units and has no evidence that they were not manufactured in the form and to the standards intended by defendant.

**Special Interrogatory No. 3:**

State, in detail, all facts to support your claims, if any, that any product that you contend to have been involved in the incident contained a design defect at the date and time of the incident.

**Response:**

Plaintiff objects to the Special Interrogatory on the grounds that is calls for expert opinion subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that is it vague as the meaning of the expression "design defect". Without waiving said objections and subject to Plaintiff's right to supplement and expand on this response in his expert witness disclosures, Plaintiff responds as follows:

Plaintiff contends that TASER's ECD was defective in its design because it did not perform as safely as an ordinary consumer, including the Watsonville Police Department, would have expected it to perform when used in a manner reasonably foreseeable to Defendant TASER.

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

1    Plaintiff has not yet inspected the units and has no evidence that they were not
2    manufactured in the form and to the standards intended by defendant.

3    Plaintiffs are not including in the response contentions regarding inadequate
4    warnings, however.  Discovery is continuing.

5

6    **Special Interrogatory No. 4:**

7    State, in detail, all facts to support your claims, if any, that, at any time prior to the
8    incident, defendant TASER failed to warn the law enforcement officers or agencies that
9    you contend deployed the product against Butler during the incident.

10   **Response:**

11   Plaintiff objects to the Special Interrogatory on the grounds that is calls for expert
12   opinion subject to formal expert witness disclosure.  Without waiving said objection and
13   subject to Plaintiff's right to supplement and expand on this response in his expert witness
14   disclosures, Plaintiff responds as follows:

15   TASER failed to warn, prior to this incident, that exposures to the Taser electrical
16   discharges can induce fatal cardiac arrhythmias, including ventricular fibrillation,
17   particularly when the probes are placed in a trans-cardiac vector across the chest.  Quite
18   the contrary, TASER has consistently represented to law enforcement officers or agencies
19   that its ECD's cannot cause cardiac capture or other rhythm disturbances of the heart.

20   In addition, TASER should have cautioned that officers should use extreme caution
21   when administering shocks to persons who are particularly susceptible to cardiac
22   arrhythmias due to a slight physique, drug use, intoxication or an agitated state.  TASER
23   should have warned that the devise, when used in its "probe" mode should under all but
24   the most extreme circumstances be used only to administer one shock, and should only be
25   used when officers are in the position to promptly and safely place the person shot and
26   shocked into restraints.

27   Officers should be told that the typical person who presents as appropriate for a
28   TASER-initiated restraint most likely is presenting a medical rather than law enforcement

-4-

issue, and that medical help should be summoned at the earliest possible time, preferably before the TASER is deployed. Additionally, officers should be told that it is advisable to have an automatic external defibrillator (AED) available if an ECD is deployed as a precaution in case a cardiac event occurs.

The preceding list is illustrative and not intended to be exhaustive. Discovery is continuing.

**Special Interrogatory No. 5:**

State, in detail, all facts to support your claims, if any, that defendant TASER intentionally misrepresented any material facts regarding the product to the Watsonville Police Department prior to the incident.

**Response:**

Plaintiff objects to the Special Interrogatory on the grounds that is calls for expert opinion subject to formal expert witness disclosure. Without waiving said objection and subject to Plaintiff's right to supplement and expand on this response in his expert witness disclosures, Plaintiff responds as follows:

Please see the responses to each of the foregoing Special Interrogatories which are incorporated herein by reference.

Each of the officers who used a TASER in this incident testified that he understood from his training-all of which originated with TASER International-that the device was essentially harmless regardless of where the probes struck the subject or how long the device was discharged. TASER International made this statement repeatedly, advising officers to aim their devices at center mass without regard to whether the subject was a person who might be particularly susceptible to cardiac arrhythmias due to slight physique, drug use, intoxication, or an agitated state. TASER International made this statement despite the fact that research suggested that electrical discharges from TASER probes placed in a trans-cardiac vector across the chest could induce cardiac arrhythmias.

TASER knew that the information and training it provided to police officers using

1  its ECDs was false and unsubstantiated by empirical data or testing. TASER provided

2  information and training to police officers prior to this incident knowing full well that

3  contrary evidence existed, namely, that TASER electrical discharges could induce cardiac

4  arrhythmias, particularly when the probes are placed in a trans-cardiac vector across the

5  chest. Despite this knowledge, TASER failed to warn users that they should avoid firing

6  ECD probes into a subject's chest, particularly those who are susceptible to cardiac

7  arrhythmias due to their slight physique, drug use, intoxication, or an agitated state.

8       Discovery is continuing.

9

10  **Special Interrogatory No. 6:**

11       State, in detail, all facts to support your claims, if any, that defendant TASER

12  negligently misrepresented any material facts regarding the product to the Watsonville

13  Police Department prior to the incident.

14  **Response:**

15       Plaintiff objects to the Special Interrogatory on the grounds that is calls for expert

16  opinion subject to formal expert witness disclosure. Without waiving said objection and

17  subject to Plaintiff's right to supplement and expand on this response in his expert witness

18  disclosures, Plaintiff responds as follows:

19       Please see the responses to each of the foregoing Special Interrogatories which are

20  incorporated herein by reference.

21       Each of the officers who used a TASER in this incident testified that he understood

22  from his training-all of which originated with TASER International-that the device was

23  essentially harmless regardless of where the probes struck the subject or how long the

24  device was discharged. TASER International made this statement repeatedly, advising

25  officers to aim their devices at center mass without regard to whether the subject was a

26  person who might be particularly susceptible to cardiac arrhythmias due to slight

27  physique, drug use, intoxication, or an agitated state. TASER International made this

28  statement despite the fact that research suggested that electrical discharges from TASER

1  probes placed in a trans-cardiac vector across the chest could induce cardiac arrhythmias.

2        TASER knew that the information and training it provided to police officers using

3  its ECDs was false and unsubstantiated by empirical data or testing.  TASER provided

4  information and training to police officers prior to this incident knowing full well that

5  contrary evidence existed, namely, that TASER electrical discharges could induce cardiac

6  arrhythmias, particularly when the probes are placed in a trans-cardiac vector across the

7  chest.  Despite this knowledge, TASER failed to warn users that they should avoid firing

8  ECD probes into a subject's chest, particularly those who are susceptible to cardiac

9  arrhythmias due to their slight physique, drug use, intoxication, or an agitated state.

10        Discovery is continuing.

11

12  **Special Interrogatory No. 7:**

13        State, in detail, all facts to support your claims, if any, that defendant TASER

14  fraudulently concealed any material facts regarding the product to the Watsonville Police

15  Department prior to the incident.

16  **Response:**

17        Plaintiff objects to this Special Interrogatory on the grounds that it calls for expert

18  opinion subject to formal expert witness disclosure.  Without waiving said objection and

19  subject to Plaintiff's right to supplement and expand on this response in his expert witness

20  disclosures, Plaintiff responds as follows: Please see the responses to each of the foregoing

21  Special Interrogatories which are incorporated herein by reference.  In particular, please

22  see Plaintiff's responses to Special Interrogatories Number 4, 5 and 6, which describe, in

23  large part, material facts which Defendant TASER knowingly failed to disclose to law

24  enforcement agencies such as the Watsonville Police Department.

25        TASER fraudulently concealed and failed to disclose to law enforcement officers or

26  agencies relevant scientific research, which was generally known in the scientific

27  community, including, but not limited to the fact that TASER electrical discharges could

28  induce cardiac arrhythmias, particularly when the probes are placed in a trans-cardiac

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

vector across the chest. By failing to disclose such information to the end users of its products, TASER fraudulently misrepresented to law enforcement officers or agencies that its products were and are completely safe and non-lethal and that they cannot not cause fatal or, in this case, non-fatal cardiac arrests as a direct result of a TASER discharge.

**Special Interrogatory No. 8:**

Identify all witnesses that you contend are able to testify in support of your claims that defendant TASER was negligent in any of its acts or omissions toward Butler, including but not limited to any and all facts regarding your claims that TASER was negligent in its manufacture, design, distribution, or warnings regarding the product.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it calls for the names of expert witnesses which is premature and subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it invades attorney-work product.

Without waiving said objections with respect to expert witnesses, various employees of Defendant TASER and of the Watsonville Police Department, about whom Defendant TASER is equally aware, can testify regarding the information which was and was not provided by Defendant TASER to Watsonville Police Department regarding the proper use and safety of Defendant TASER's product.

**Special Interrogatory No. 9:**

Identify all witnesses that you contend are able to testify in support of your claims that any product that you contend to have been involved in the incident contained a manufacturing defect at the date and time of the incident.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it calls for the names of expert witnesses which is premature and subject to formal expert witness

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it invades attorney-work product.

Without waiving said objections with respect to expert witnesses, various employees of Defendant TASER and of the Watsonville Police Department, about whom Defendant TASER is equally aware, can testify regarding the information which was and was not provided by Defendant TASER to Watsonville Police Department regarding the proper use and safety of Defendant TASER's product.

**Special Interrogatory No. 10:**

Identify all witnesses that you contend are able to testify in support of your claims that any product that you contend to have been involved in the incident contained a design defect at the date and time of the incident.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it calls for the names of expert witnesses which is premature and subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it invades attorney-work product.

Without waiving said objections with respect to expert witnesses, various employees of Defendant TASER and of the Watsonville Police Department, about whom Defendant TASER is equally aware, can testify regarding the information which was and was not provided by Defendant TASER to Watsonville Police Department regarding the proper use and safety of Defendant TASER's product.

**Special Interrogatory No. 11:**

Identify all witnesses that you contend are able to testify in support of your claims that, at any time prior to the incident, defendant TASER failed to warn the law enforcement officers or agencies that you contend deployed the product against Butler during the incident.

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it calls for the names of expert witnesses which is premature and subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it invades attorney-work product.

Without waiving said objections with respect to expert witnesses, various employees of Defendant TASER and of the Watsonville Police Department, about whom Defendant TASER is equally aware, can testify regarding the information which was and was not provided by Defendant TASER to Watsonville Police Department regarding the proper use and safety of Defendant TASER's product.

**Special Interrogatory No. 12:**

Identify all witnesses that you contend are able to testify in support of your claims that, at any time prior to the date and time of the incident, defendant TASER engaged in any form of misrepresentation or fraudulent concealment of any material fact regarding the product to the Watsonville Police Department.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it calls for the names of expert witnesses which is premature and subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it invades attorney-work product.

Without waiving said objections with respect to expert witnesses, various employees of Defendant TASER and of the Watsonville Police Department, about whom Defendant TASER is equally aware, can testify regarding the information which was and was not provided by Defendant TASER to Watsonville Police Department regarding the proper use and safety of Defendant TASER's product.

///

///

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

**Special Interrogatory No. 13:**

State, in detail, all facts regarding any and all physical injuries that you contend that Butler received as a result of his exposure to or physical contact with the product during the incident, including but not limited to describing the nature of the injury.

**Response:**

Anoxic encephalopathy, brain injury and urinary incontinence.

**Special Interrogatory No. 14:**

State, in detail, all facts regarding any and all other injuries – including but not limited to any and all emotional, psychological, or economic injuries – that you contend that Butler received as a result of his exposure to or physical contact with the product during the incident, including but not limited to describing the nature of the injury.

**Response:**

Objection: This interrogatory is compound, and not complete in of itself.  Without waiving said objections, with respect to Plaintiff's economic injuries, please see Plaintiff's response to Form Interrogatory 6.4, 6.5, 6.6, and 6.7.  The total amount of Plaintiff's "economic injuries" cannot be precisely stated at this time in that is protected by the attorney-work product privilege. This interrogatory is premature, since disclosure of expert witnesses has not yet occurred in this case.

**Special Interrogatory No. 15:**

Identify any and all health care providers who you contend provided medical care or treatment of any kind for any injuries that you contend Butler received as a result of his exposure to or physical contact with the product during the incident.

**Response:**

Please see Plaintiff's responses to Form Interrogatories 6.4, 6.6, and 6.7. Additionally, Plaintiff was provided medical care by the Watsonville Fire Department Paramedics, and health care practitioners at the Santa Cruz Medical Clinic, including

1  neurologist Josh Novic, MD, urologist Mark Rosen, MD, and family physician Robert

2  Weber, MD, Jonathan Tallman, MD at Santa Cruz County Mental Health and the Cabrillo

3  College Stroke Center.  Treatment is ongoing.

4

5  **Special Interrogatory No. 16:**

6  State, in detail, all facts regarding any and all medical care or treatment provided by

7  any health care providers to Butler for any injuries of any kind that you contend that

8  Butler received as a result of his exposure to or physical contact with the product during

9  the incident, including but not limited to describing the nature of the injury treated, the

10  nature of the treatment provided, the date(s) of such care or treatment, and the identity of

11  the health care provider who provided such care or treatment.

12  **Response:**

13  Please see response to Special Interrogatory No. 15 above.

14

15  **Special Interrogatory No. 17:**

16  State, in detail, all facts regarding any employment Butler had, if any, from three (3)

17  years prior to the date of the incident up to the date of service of your responses to theses

18  interrogatories, including but not limited to identifying Butler's employer, such

19  employer's address, the dates of Butler's employment, and the nature of Butler's

20  employment for each employer identified.

21  **Response:**

22  Objection: This request violates Butler's right of privacy in that Butler is not making

23  a wage loss claim.  Without waiving said objection, Butler preformed odd jobs for a

24  number of people including: London Strauss, (831) 438-5290; Yvonne Schultz (831) 728-

25  8203; Art Noble (831) 722-1048; John Omar (831) 684-1152; Leo Welsh (831) 724-2600; Mark

26  Rood (831) 724-2600; Jeff Seraske (831) 722-2000; Doris Wilson (831) 724-3040; Roberta

27  Keathly.

28  ///

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

**Special Interrogatory No. 18:**

State, in detail, all facts regarding any and all felony offenses for which Butler has been convicted, in any jurisdiction, at any time in the ten (10) years prior to the date of service of these interrogatories, including but not limited to the name of the penal code or statutory section number of the offense, the narrative description of the offense, the relevant jurisdiction, court, and case number.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Special Interrogatory on the grounds that it violates plaintiff's right to privacy.

Without waiving said objections, Plaintiff does not believe that Steven A. Butler has been convicted of a felony in the past ten years.

**Special Interrogatory No. 19:**

State, in detail, all facts regarding any and all felony offenses for which Butler was serving a sentence in custody at any time in the ten (10) years prior to the date of the incident, including but not limited to the penal code or statutory section number of the offense, the narrative description of the offense, the name of the custodial facility involved, and the nature of the sentence.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Special Interrogatory on the grounds that it violates plaintiff's right to privacy.

Without waiving said objections, Plaintiff is informed and believes that Steven A. Butler was incarcerated for an armed robbery conviction between approximately 1992 and 1998 in Atascadero, Vacaville and San Louis Obispo's Men's Colony.

///

///

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

**Special Interrogatory No. 20:**

State, in detail, all facts regarding any and all probations or parole releases granted or conferred upon Butler, under any statute in any jurisdiction at any time in the ten (10) years prior to the date of the incident, including but not limited to the terms and duration of such probation or parole.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Special Interrogatory on the grounds that it violates plaintiff's right to privacy.

Without waiving said objections, Plaintiff is uncertain of the conditions of his brother's probation and parole were, but the records can be subpoenaed or are public records which can be obtained from law enforcement authorities.

**Special Interrogatory No. 21:**

State, in detail, all facts regarding any and all civil judgments, in any jurisdiction at any time, that have been entered against Butler for acts or omissions involving misrepresentation of any kind – including but not limited to fraud or tortuous concealment – including but not limited to the name of the relevant jurisdiction, parties, court, and case number.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Special Interrogatory on the grounds that it violates plaintiff's right to privacy.

Without waiving said objection, Plaintiff is unaware of any such civil judgments against his brother at this time.

**Special Interrogatory No. 22:**

State, in detail, all facts regarding any and all civil lawsuits to which Butler has been

a party, including but not limited to the name of the relevant jurisdiction, parties, court, and case number.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to this Special Interrogatory on the grounds that it violates plaintiff's right to privacy.

Without waiving said objection, Plaintiff is unaware of any such civil lawsuits.

**Special Interrogatory No. 23:**

State, in detail, all facts regarding the acts or omissions that you contend to have transpired during the incident for which Plaintiff has personal knowledge.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it is vague, ambiguous and unintelligible as worded. Plaintiff cannot determine whose "acts or omissions" the Interrogatory is referencing.

Without waiving said objection and assuming the" acts or omissions" are that of TASER International, plaintiff responds as follows:

Please see the responses to each of the foregoing Special Interrogatories and the Request for Admission, which are incorporated herein by reference.  Plaintiff was not present at the scene of the incident at the time it occurred.

**Special Interrogatory No. 24:**

State, in detail, all facts to support your claims, if any, that Plaintiff not Butler – suffered any injuries of any kind as a result of the incident.

**Response:**

Plaintiff David Butler is the conservator of Steven Butler, and as conservator he has not suffered any personal injuries, but has only suffered injuries and damages as representative of the estate and person of Steven A. Butler.

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

**Special Interrogatory No. 25:**

If you have not already done so in response to any of the other interrogatories in this set, identify any and all witnesses that you contend have personal knowledge of the acts or omissions that transpired during the incident, including but not limited to personal knowledge of any physical contact with or exposure to any product during the incident that you contend was a substantial factor cause of any injury to Butler.

**Response:**

Objection: This interrogatory invades the attorney-work privilege.   Without waiving said objection, please see the Watsonville Police Department investigative report regarding the incident, which describe all persons who were present during the incident.

**Special Interrogatory No. 26:**

Specify, verbatim and in detail, the wording of any and all product warnings that you contend were provided to the Watsonville Police Department prior to the incident.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it is vague and ambiguous as to which" product warnings" are being referenced. Plaintiff further objects to this Special Interrogatory on the grounds that it is burdensome and oppressive, particularly in light of the fact that the information is equally available to Defendant TASER.  Without waiving said objections, please see TASER training manuals, Versions 6-14.2, and all TASER marketing materials related to the TASER ECD.

**Special Interrogatory No. 27:**

Specify, verbatim and in detail, the wording of any and all product warnings that you contend should have been provided to the Watsonville Police Department prior to the incident.

///

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it calls for the disclosure of expert opinions which are premature and subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it invades attorney-work product.

Without waiving said objection, plaintiff responds as follows:

TASER International should have warned law enforcement officers and agencies of the potential that electrical discharges from TASER ECD probes placed in a trans-cardiac vector across the chest could induce cardiac arrhythmias, particularly in those susceptible to cardiac arrhythmias from the ECD due to slight physique, drug use, intoxication or an agitated state. Please also see responses to Interrogatories Nos. 4, 5, 6, and 7 above.

**Special Interrogatory No. 28:**

State, in detail, all facts to support your claims, if any, that any product that you contend was deployed against Butler during the incident was a substantial factor cause of any ventricular fibrillation that Butler experienced, if any, at any time subsequent to such deployment.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it calls for the disclosure of expert opinions which are premature and subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it invades attorney-work product.

**Special Interrogatory No. 29:**

State, in detail, all facts to support your claims, if any, that any product that you contend was deployed against Butler during the incident was a substantial factor cause of any cardiac arrest that Butler experienced, if any, at any time subsequent to such deployment.

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it calls for the disclosure of expert opinions which are premature and subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it invades attorney-work product.

**Special Interrogatory No. 30:**

State, in detail, all facts to support your claims, if any, that product that you contend was deployed against Butler during the incident was a substantial factor cause of any hypoxic brain injury that Butler experienced, if any, at any time subsequent to such deployment.

**Response:**

Plaintiff objects to this Special Interrogatory on the grounds that it calls for the disclosure of expert opinions which are premature and subject to formal expert witness disclosure. Plaintiff further objects to this Special Interrogatory on the grounds that it invades attorney-work product.

**Special Interrogatory No. 31:**

State, in detail, all facts regarding any and all controlled substances that, to the best of your knowledge, Butler had ingested in the 48 hour period immediately prior to the date and time of the incident, including but not limited to the name by which the controlled substance is generally known, the estimated or known quantity or dosage taken into Butler's body, and the estimated or known time when such controlled substance was last taken into Butler's body prior to or during the incident.

**Response:**

Objection: This interrogatory invades the attorney-work product privilege in that it calls for the testimony of expert witnesses prior to the date of disclosure of expert witnesses.  Without waiving said objection, Plaintiff has no knowledge of his brother

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

1  ingesting any controlled substance within 48 hours of the incident, but please see Steven

2  A. Butler's medical records at Watsonville Community Hospital.

3

4  **Special Interrogatory No. 32:**

5      State, in detail, all facts regarding Plaintiff's reported conservatorship of Butler as it

6  pertains to this action, including but not limited to the extent of Plaintiff's authority and

7  the scope of his responsibility as to Plaintiff in the above entitled action.

8  **Response:**

9      Objection: This interrogatory is vague, ambiguous and unintelligible.   Without

10 waiving said objections, following Plaintiff's brain injury at the time of this incident,

11 Steven A. Butler was declared incompetent by a judge of the Santa Cruz Superior Court,

12 and Plaintiff was appointed the conservator of the estate and person of Steven A. Butler,

13 including the authority to bring this lawsuit.

14

15 **Special Interrogatory No. 33:**

16      List all documents that you contend support any and all of your claims as alleged in

17 your operative complaint in the above entitled action.

18 **Response:**

19      Objection: This interrogatory invades the attorney-work product privilege.   Without

20 waiving said objection, please see all documents provided by Defendant TASER to the

21 Watsonville   Police   Department   instructing,   warning,   or   otherwise   advising   law

22 enforcement on the safe and appropriate uses of TASER's ECD devices; all investigative

23 documents regarding the incident between Watsonville Police Department and Butler in

24 which Butler was tased; Watsonville Fire Department records regarding the incident; all of

25 Plaintiff's medical records, which have been identified previously; all records in In re The

26 Conservatorship of Steven A. Butler, Case No. PRO44132; Santa Cruz Superior Court, and

27 the competency evaluation of Thomas J. Reidy, PhD, dated March 26, 2008.

28      See also the following peer reviewed medical and scientific literature: Byron K. Lee,

MD, Eric Vittinghoff, PhD, Dean Whiteman, BS, Minna Park, Linda L. Lau, BS, and Zian H. Tseng, MD, *Relation of Taser (Electrical Stun Gun) Deployment to Increase in In-Custody Sudden Deaths*, Amer. J. Cardiol. (2009); John L. Hick, MD., Stephen W. Smith, M.D., Michael T. Lynch, MD., *Metabolic Acidosis in Restraint-Associated Cardiac Arrest: A Case Series*, Acad. Emer. Med. Vol. 6, No.3, page 239 (March 1999); Paul H. Gerst, William H. Fleming and James R. Maim, *Increased Susceptibility of the Heart to Ventricular Fibrillation During Metabolic Acidosis*, Circ. Res. 1966;19;63-70; Professor Shmuel Ben-Yaakov, *Electrical Evaluation of the Taser M-26 Stun Weapon Final Report*, December 30, 2006; Amnesty International, "Less than Lethal? *The Use of Stun Weapons In US Law Enforcement*, (2008); Andrew J. Dennis, DO, Daniel J. Valentino, MD, Robert J. Walter, PhD, Kimberly K. Nagy, MD, Jerry Winners, BS, Faran Bokhari, MD, Dorion E. Wiley, MD, Kimberly T. Joseph, MD, and Roxanne R. Roberts, MD, *Acute Effects of TASER X26 Discharges in a Swine Model*, Jour. Trauma, Vol. 63, No.3 page 581 (2007); Robert J. Walter, PhD, Andrew J. Dennis, DO, Daniel J. Valentino, MD, Bosko Margeta, MD, Kimberly K. Nagy, MD, Faran Bokhari, MD, Dorion E. Wiley, MD, Kimberly T. Joseph, MD, Roxanne R. Roberts, MD, *TASER X26 Discharges in Swine Produce Potentially Fatal Ventricular Arrhythmias*, Acad. Emer. Med. Vol. 15, No.1 (2008); Daniel J. Valentino, MD, Robert J. Walter, PhD, Andrew J. Dennis, DO, Bosko Margeta, MD, Frederic Starr, MD, Kimberly K. Nagy, MD, Faran Bokhari, MD, Dorion E. Wiley, MD, Kimberly T. Joseph, MD, and Roxanne R. Roberts, MD, *Taser X26 Discharges in Swine: Ventricular Rhythm Capture is Dependent on Discharge Vector*, Jour. Trauma, (2009); Ho JD, Dawes DM, Heegaard WG, Calkins HG, Moscati RM, Miner JR, *Absence of electrocardiographic change after prolonged application of a conducted electrical weapon in physically exhausted adults.* J Emerg Med. (May 12 2009); Swerdlow C, Fishbein M, Chaman L, Lakkireddy D, Tchou P., *Presenting Rhythm in Sudden Deaths Temporally Proximate to Discharge of TASER Conducted Electrical Weapons. Society for Academic Emergency Medicine,* 16:1-13 (May 2009); Ho J, Dawes D, Cole J, et al., *Effect of a Conducted Electrical Weapon Exposure on a Methamphetamine Intoxicated Animal Model,* Society for Academic

-20-

1  Emergency Medicine Scientific Assembly (2009) (poster only); Ho J, Dawes D,

2  Bultman L, Moscati R, Janchar T, Miner J., *Prolonged TASER use on exhausted humans*

3  *does not worsen markers of acidosis*, American Journal of Emergency Medicine (2009);

4  Raymond M. Fish and Leslie A. Geddes, Editors, *Electrical Injuries: Medical and*

5  *Bioengineering Aspects*, Second Edition (2009); Mark W. Kroll and Jeffrey D. Ho, Editor,

6  *TASER Electronic Control Devices: Physiology, Pathology. and Law* (2009); Dawes D, Ho J,

7  Miner J., *The Neuro-Endocrine Effects of the TASER X26: A brief report* Forensic Science

8  International 183, 14-19 (2009); Jauchem JR, Cook Me, Beason CW, *Blood factors of Sus*

9  *scrofa following a series of three TASER electronic control device exposures*, Forensic Sci Int.

10  (Jul. 12 2007); Vilke G, Sloane C, Bouton K, et al., *Cardiovascular and Metabolic Effects of*

11  *the Taser on Human Subjects*, Acad Emerg Med 2007;14(5):104-105; Vilke G, Sloane e,

12  Bouton K, et al., *Physiological Effects of a Five Second TASER Exposure* (Poster)

13  (undated); Michael Cao MD., Jerold S. Shinbane M.D., Jeffrey M. Gillberg *MS.*, Leslie

14  A. Saxon MD., *Taser-Induced Rapid Ventricular Myocardial Capture Demonstrated by*

15  *Pacemaker Intracardiac Electrograms*, Journal of Cardiovascular Electrophysiology

16  (2007); Charles D. Swerdlow, MD, Michael C. Fishbein, MD, Linda Chaman, MPH,

17  Dhanunjaya R. Lakkireddy, MD, and Patrick Tchou, MD, *Presenting Rhythm in Sudden*

18  *Deaths Temporally Proximate to Discharge of TASER Conducted Electrical Weapons*, Acad.

19  Emerg. Med. (2009); Jeffrey D. Ho, MD, William G. Heegaard, MD, MPH, Donald M.

20  Dawes, MD, Sridhar Natarajan, MD, MS, Robert F. Reardon, MD, James R. Miner,

21  MD, *Unexpected Arrest-Related Deaths in America: 12 Months of Open Source Surveillance*,

22  Western Journal of Emergency Medicine, Volume X, No.2, Page 68 (May 2009); Evan

23  S. Schwarz MD, Michael Barra MD, Michael M. Liao MD, *Case Report: Successful*

24  *resuscitation of a patient in asystole after a TASER injury using a hypothermia protocol*,

25  American Journal of Emergency Medicine (2009); Ho JD, Dawes DM, Bultman LL, et

26  a1. *Respiratory effect of prolonged electrical weapon application on human volunteers*, Acad

27  Emerg Med. (Mar 2007); Chan T, Sloane C, Neuman T, et a1. *The Impact of the Taser*

28  *Weapon on Respiratory and Ventilatory Function in Human Subjects*, Acad Emerg Med

-21-

(2007); Jauchem JR. Sherry CJ, Fines DA, Cook MC, *Acidosis, lactate, electrolytes, muscle enzymes, and other factors in the blood of Sus scrofa following repeated TASER Exposures,* Forensic Sci Int. (2006); John M. Kenny, Raymond M. Fish, W. Bosseau Murray, David T. Mauger, Wayne J. Sebastianelli, Tyrone L. Jones, William J. Kraemer, *Report of Findings: Sticky Shocker Assessment* (1999); Raymond M Fish, Leslie A Geddes, *Effects of stun guns and tasers,* The Lancet, Vol 358 (September 1, 2001); McDaniel WC, Stratbucker RA, Nerheim M, Brewer JE, Cardiac safety of neuromuscular incapacitating defensive devices, Pacing Clin Electraphysio1. (PACE) (Jan 2005); Amanda O. Esquivel, MS, Elizabeth J. Dawe, DVM, Javier A. Sala-Mercado, MD, PhD, Robert L. Hammond, PhD, Cynthia A. Bir, PhD, *The Physiologic Effects of a Conducted Electrical Weapon in Swine,* Annals of Emergency Medicine (2007); Ordog GJ, Wasserberger J, Schlater T, et a1. *Electronic gun (Taser) injuries,* Ann Emerg Med 1987; 16:73-8; Kornblum RN, Reddy SK. Effects of the Taser in fatalities involving police confrontation, J. Forensic Sci. (Mar 1991) 36(2):434-438; DiMaio and DiMaio, Excited Delirium Syndrome: Cause of Death and Prevention (2006); and TASER Training Manuals, Versions 6 -14.2.

**Special Interrogatory No. 34:**

Specify, in detail, any and all compensatory damages that you claim that Plaintiff, either individually or as conservator of Butler, sustained as a result of Butler's physical contact with or exposure to the product during the incident, including but not limited to the dollar value of each and all losses of earnings, medical or treatment expenses, or other financial injuries suffered by Plaintiff or Butler as a result of the incident.

**Response:**

Objection: This interrogatory invades the attorney-work product privilege in that it calls for the disclosure of expert witness information prior to the date for disclosure of expert witnesses. Without waiving said objection, Plaintiff is entitled to compensatory damages which include past and future medical expenses, expenses for past and future

attendant care (both gratuitous and paid), and non-economic damages for pain, suffering and loss of quality of life. Please see Plaintiff's response to Special Interrogatories 13, 14, 15, and 16, and the Form Interrogatory Responses incorporated therein.

**Special Interrogatory No. 35:**

Specify, in detail, any and all other damages to which you claim that Plaintiff, either individually or as conservator of Butler, is entitled as a result of Butler's physical contact with or exposure to the product during the incident, including but not limited to the dollar value of each and all general or punitive damages.

**Response:**

Please see Plaintiff's response to Special Interrogatory No. 34. With respect to the "dollar value of each and all general or punitive damages", said request invades the attorney-work product privilege, but without waiving said objection, Plaintiff believes that those amounts should be determined by a jury, using its sound judgment and reason, based on all of the evidence presented.

DATED: June 18, 2009

CARTWRIGHT, SCRUGGS, FULTON & WALTHER
Attorneys at Law

By: _____
G. Dana Scruggs, Esq.
Attorneys for Plaintiff

PLAINTIFF'S RESPONSE TO SPECIAL INTERROGATORIES (SET ONE)

**VERIFICATION (Standard) C.C.P. 446, 2015.5**
_Butler v. TASER International, Inc., et al._
_CV 161436_

I declare that:

I, David Butler, am Conservator for the Estate and Person of Steven Alan Butler, and as such I have participated in preparing responses to Defendant TASER International, Inc.'s **SPECIAL INTERROGATORIES, SET ONE**, directed to Plaintiff Steven Alan Butler. I have read Plaintiff's responses to Special Interrogatories, Set One, which have been prepared by my attorneys with my input. The information contained therein is information about which I am informed and believe to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on June ___19___, 2009, at Santa Cruz, California.

_David Butler_
_____
DAVID BUTLER, Conservator for Real-Party-In-Interest of STEVEN ALAN BUTLER

-1-

## PROOF OF SERVICE
### [C.C.P. §1013(a) and 2015.5, C.R.C. § 2008, F.R.C.P. Rule 5]

I, the undersigned, declare that:

I am employed in the County of Santa Cruz, California; I am over the age of eighteen years and not a party to the within cause and my business address is 340 Soquel Avenue, Suite 215, Santa Cruz, California 95062.

On this 19 day of June 2009, I served the within **DAVID BUTLER'S RESPONSE TO FORM INTERROGATORIES (SET 1)** on the interested parties in said cause, by placing a true and correct copy thereof addressed as follows:

Mildred K. O'Linn, Esq.
Tony M. Sain, Esq.
MANNING & MARDER, KASS, ELLROD, RAMIREZ
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Fax (213) 624-6999
*Attorneys for TASER INTERNATIONAL, INC.*

(X)     **BY MAIL**  Having full knowledge of the outgoing mail system of this firm, in that all mail in the outgoing mail basket is deposited each evening in the United States Mail, in the City and County of Santa Cruz, State of California, I enclosed a     true Copy of said document(s) in a sealed envelope, with fully-paid postage thereon in the outgoing mail basket.

()     **BY PERSONAL SERVICE**  I caused each such envelope to be delivered by hand  to the addressee(s) noted above.

()     **BY FACSIMILE**  I caused the said document to be transmitted by facsimile machine to the number indicated above.

()     **BY EXPRESS MAIL**  I caused each such envelope to be deposited into a designated Federal Express mail box for pick-up on the date of execution of this declaration.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 19 day of June 2009, at Santa Cruz, California.

_____
Shannon Tinsley - Declarant

-24-