**EXHIBIT**

**D**

1 | G. Dana Scruggs, Esq.; SBN 096152
  | CARTWRIGHT, SCRUGGS, FULTON & WALTHER
2 | Attorneys at Law
  | 340 Soquel Avenue, Suite 215
3 | SANTA CRUZ, CALIFORNIA 95060
  | Telephone: (831) 426-7040

4 | John Burton, Esq.
  | LAW OFFICES OF JOHN BURTON
5 | 414 South Marengo Avenue
  | Pasadena, CA 91101
6 |
7 | Attorneys for: Plaintiff DAVID BUTLER as Conservator of the
  | Person and Estate of Steve Alan Butler

8 |
9 |
10 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA
11 |                IN AND FOR THE COUNTY OF SANTA CRUZ
12 | DAVID BUTLER as Conservator of the       ) Case No.  CV 161436
13 | Person and Estate of Steven Alan Butler,  )
   |                                            ) **PLAINTIFF'S RESPONSES TO FORM**
14 |                 Plaintiffs,               ) **INTERROGATORIES (SET ONE)**
15 |        vs.                                )
16 |                                            )
17 | TASER INTERNATIONAL, INC.,                )
18 | PROFORCE MARKETING, INC., and             )
   | DOES 1 through 20, inclusive,             )
19 |                                            )
   |                 Defendants.               )
20 |                                            )
21 |                                            )

22 | **PROPOUNDING PARTY:**      Defendant TASER INTERNATIONAL, INC.

23 | **RESPONDING PARTY:**       Plaintiff DAVID BUTLER, as Conservator of the Person

24 |                             and Estate of STEVEN ALAN BUTLER

25 | **SET NUMBER:**             ONE

26 |        It should be noted that this responding party has not fully completed investigation

27 | of the facts relating to this case, has not fully completed discovery in this action, and has

28 | not completed preparation for trial.  All answers contained herein are based only upon

-1-

1  such information and documents that are presently available to and specifically known to

2  this responding party.  It is anticipated that further discovery, independent investigation,

3  legal research and analysis will supply additional facts, add meaning to the known facts,

4  as well as establish entirely new factual conclusions and legal contentions which may lead

5  to substantial additions to changes in and variations from the contentions herein set forth.

6  While these interrogatories were addressed to Plaintiff Steven Alan Butler, Plaintiff David

7  Butler, as Conservator of the Person and Estate of Steven Alan Butler is responding to

8  these interrogatories on Steven Alan Butler's behalf, since Steven Alan Butler is

9  incompetent and unable to respond to the interrogatories due to his brain injury.  The

10  following responses, therefore, are provided on Plaintiff David Butler's information and

11  belief as Conservator.

12  **Interrogatory No. 1.1:**

13  State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON**

14  who prepared or assisted in the preparation of the responses to these interrogatories.  (*Do*

15  *not identify anyone who simply typed or reproduced the responses.*)

16  **Answer:**

17  G. Dana Scruggs, Esq., CARTWRIGHT, SCRUGGS, FULTON & WALTHER, Attorneys at Law, 340

18  Soquel Avenue, Suite 215, Santa Cruz, CA 95062, (831) 426-7040.  Attorney for Plaintiff.

19  **Interrogatory No. 2.1:**

20  State (a) your name, (b) every name you have used in the past, (c) the dates you used each

21  name.

22  **Answer:**

23  (a) Steve Alan Butler

24  (b) April 4, 1958; Santa Cruz, CA

25  (c) April 4, 1958 to the present.

26  **Interrogatory No. 2.2:**

27  State the date and place of your birth.

28  / / /

-2-

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES (SET ONE)

1  **Answer:**

2   April 4, 1958; Santa Cruz, CA

3  **Interrogatory No. 2.3:**

4  At the time of the **INCIDENT**, did you have a driver's license?  If so, state: (a) the state of

5  other issuing entity; (b) the license number and type; (c) the date of issuance; and (d) all

6  restrictions.

7  **Answer:**

8  No.

9  **Interrogatory No. 2.4:**

10  At the time of the **INCIDENT**, did you have any other permit or license for the operation

11  of a motor vehicle?  If so, state: (a) the state or other issuing entity; (b) the license number

12  and type; (c) the date of issuance; and (d) all restrictions.

13  **Answer:**

14  No.

15  **Interrogatory No. 2.5:**

16  State: (a) your present residence **ADDRESS**; (b) your residence **ADDRESS** for the past

17  five years; and (c) the dates you lived at each **ADDRESS**.

18  **Answer:**

19  (a) 245 Ponderosa Avenue, Watsonville, CA 95076

20  (b) same as (a)

21  (c) approximately 1971 to the present.

22  **Interrogatory No. 2.6:**

23  State: (a) the name, **ADDRESS**, and telephone number of your present employer or place

24  of self-employment; and (b) the name, **ADDRESS**, dates of employment, job title, and

25  nature of work for each employer or self-employment you have had from five years before

26  the **INCIDENT** until today.

27  **Answer:**

28  (a) Not presently employed.

-3-

1  (b) Landscaping/Maintenance, 245 Ponderosa Avenue, Watsonville, CA 95076;

2  Approximately 2001 to the date of the subject incident; landscaper/gardener; yard

3  maintenance

4  **Interrogatory No. 2.7:**

5  State: (a) the name and **ADDRESS** of each school or other academic or vocational

6  institution you have attended, beginning with high school; (b) the date you attended; (c)

7  the highest grade level you have completed; and (d) the degrees received.

8  **Answer:**

9  (a) Renissance High School, Watsonville, CA

10  (b) 1972 to 1976

11  (c) 12th grade

12  (d) none.

13  **Interrogatory No. 2.8:**

14  Have you ever been convicted of a felony?  If so, for each conviction state: (a) the city and

15  state where you were convicted; (b) the date of conviction; (c) the offense; and (d) the court

16  and case number.

17  **Answer:**

18  Yes.

19  (a) Santa Cruz, CA; and  Tulare, CA

20  (b) Santa Cruz, CA cannot recall; Tulare, CA approximately 1992

21  (c) Santa Cruz, CA- burglary; Tulare, CA armed robbery

22  (d) cannot recall.

23  **Interrogatory 2.9:**

24  Can you speak English with ease?  If not, what language and dialect do you normally use?

25  **Answer:**

26  Yes.

27  **Interrogatory No. 2.10:**

28  / / /

-4-

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES (SET ONE)

1  Can you read and write English with ease?  If not, what language and dialect do you

2  normally use?

3  **Answer:**

4  Prior to the subject incident in which Steven Alan Butler suffered brain injury, he could

5  read and write English.  His lack of short term memory probably prevents him drom

6  reading and effectively writing now.

7  **Interrogatory No. 2.11:**

8  At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**?

9  If so, state: (a) the name, **ADDRESS**, and telephone number of that **PERSON**; and (b) a

10 description of your duties.

11 **Answer:**

12 No.

13 **Interrogatory No. 2.12:**

14 At the time of the **INCIDENT** did you or any other person have any physical, emotional,

15 or mental disability or condition that may have contributed to the occurrence of the

16 **INCIDENT**?  If so, for each person state:  (a) the name, **ADDRESS**, and telephone

17 number; (b) the nature of the disability or condition; and (c) the manner in which the

18 disability or condition contributed to the occurrence of the **INCIDENT**.

19 **Answer:**

20 Yes.

21 (a) Steve Alan Butler, 245 Ponderosa Avenue, Watsonville, CA 95076 (831) 722-1945

22 (b) Borderline paranoid schitzophrenic with occasional psychotic episode.

23 (c) Unknown at this time, but Steve was apparently self medicating with alcohol and

24 marijuana at the time of the incident.

25 **Interrogatory No. 2.13:**

26 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT**

27 use or take any of the following substances: alcoholic beverage, marijuana, or other drug

28 or medication  of any kind (prescription or not)?  If so, for each person state: (a) the name,

ADDRESS, and telephone number; (b) the nature or description of each substance; (c) the quantity of each substance used or taken; (d) the date and time of day when each substance was used or taken; (e) the ADDRESS where each substance was used or taken; (f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and (g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

Answer:

Yes.

(a) Steve Alan Butler, 245 Ponderosa Avenue, Watsonville, CA 95076; (831) 722-1945

(b) Alcohol and marijuana

(c) unknown

(d) unknown

(e) unknown

(f) David Butler saw Steven Alan Butler drinking a beer on the day of the incident.

(g) not applicable.

**Interrogatory No. 4.1:**

At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata or excess liability coverage or medical expenses coverage) for the damages, claims or actions that have arisen out of the INCIDENT? If so, for each policy state: (a) kind of coverage; (b) name and ADDRESS of insurance company; (c) name, ADDRESS and telephone number of each insured; (d) policy number; (e) limits of coverage for each type of coverage contained in the policy; (f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; (g) name, ADDRESS and telephone number of the custodian of the policy.

**Answer:**

Plaintiff objects to this interrogatory as to any matter other than proof of auto liability insurance, as required under law. Specifically, the request for other types of insurance,

including but not limited to possible medical expense coverage, life insurance, disability insurance, and other forms of insurance investments, violated Plaintiff's rights of privacy under the State and National Constitutions. Plaintiff further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence due to privacy rights and the collateral source rule. See *Helfend vs. Southern California Rapid Transit Dist.* (1970) 2 Cal.3d 1; *Arambula Wells,* (1999) 72 Cal.App.4th 1006.

**Interrogatory No. 6.1:**

Do you attribute any physical, mental or emotional injuries to the INCIDENT?  (*If your answer is "no," do not answer interrogatories 6.2 through 6.7*).

**Answer:**

Yes.

**Interrogatory No. 6.2:**

Identify each injury you attribute to the incident and the area of your body affected.

**Answer:**

Anorexic encephalopathy, brain injury and urinary incontinence.

**Interrogatory No. 6.3:**

Do you still have complaints that you attribute to the **INCIDENT**?  If so, for each complaint, state: (a) a description; (b) whether the complaint is subsiding, remaining the same or becoming worse; (c) The frequency and duration.

**Answer:**

(a) anorexic encephalopathy/brain injury, urinary incontinence.

(b) same.

(c) constant.

**Interrogatory No. 6.4:**

Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure, §2034) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**?  If so, for each **HEALTH CARE PROVIDER**, state: (a) name, **ADDRESS** and telephone number; (b) type of consultation, examination or treatment provided; (c) dates you received consultation, examination or treatment; (d) charges to date:

/ / /

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES (SET ONE)

**Answer:**

| HEALTH CARE PROVIDER | Dates of Service | Amount |
|---|---|---|
| American Medical Response<br>801 10th Street, 4th Floor<br>Modesto, CA 95353<br>(209) 238-4710 | 10/07/06 | $ 1,820.09 |
| Watsonville Community Hospital<br>75 Nielson Street<br>Watsonville, CA 95076<br>(831) 761-5660 | 10/7/06 - 10/19/06 | $ 207,156.56 |
| Marina Medical Group<br>WCH ER Physicians<br>18000 Studebaker Road, 4th Floor<br>Cerritos, CA 90703<br>(800) 287-8166 | 10/07/06 | $ 543.00 |
| Dominican Hospital Rehabilitation<br>610 Frederick Street<br>Santa Cruz, CA 95062<br>(831) 457-7100 | 10/07/06 - 10/19/06 | Will submit as soon as received |
| Watsonville Mental Health<br>Dr. Tallman<br>12 W. Beach Street<br>Watsonville, CA 95076<br>(831) 763-8990<br>Rx | | Will submit as soon as received. |
| **TOTAL** | | $ 209,519.65 |

**Interrogatory No. 6.5:**

Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication, state: (a) the name; (b) the **PERSON** who prescribed it or furnished it; (c) the date prescribed or furnished; (d) the dates you began and stopped taking it; (e) the cost to date:

**Answer:**

1. Tylenol, 650 mg every 4 hours PRN, prescribed at the time of discharge from Dominican Rehabilitation

2. Annablalex (incontinence), prescribed by urologist, Mark Rosen, M.D.

Cost to date unknown at this time.

-8-

**Interrogatory No. 6.6:**

Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state: (a) the nature; (b) the date; (c) the cost; and (d) the name, **ADDRESS,** and telephone number of each provider.

**Answer:**

(a) Attendant Care

(b) From the date of discharge from Dominican Rehabilitation Hospital, November 3, 2006 to the present.

(c) David Butler has been paid approximately 264 hours per month at $11.50 per hour for monthly payments of $3,036.00, totaling $91,080.00 as of April 3, 2009 (30 months) to provide Steven with Attendant Care. Additionally, gratuitous attendant care has been provided by David Butler and other family members, including Steven Butler's parents, for the remaining approximate 17 hours per day from November 3, 2006 to 04/03/09 (884 days). At between approximately $15.00 to $20.00 per hour, additional gratuitous home care is valued at between $225,420.00 and, $300,560.00 for total past attendant care of approximately $391,640.00.

**Interrogatory No. 6.7:**

Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury, state: (a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**; (b) the complaints for which the treatment was advised; (c) the nature, duration and estimated cost of the treatment:

**Answer:**

Yes.

(a) All of Steven Butler's health care providers have indicated that he will need ongoing care due to his brain injury and urinary incontinence, which I understand is a permanent condition at this point.

(b) Brain injury and urinary incontinence.

(c) Ongoing doctor's appointments, Stroke Center Rehab., and medications for brain injury

-9-

and incontinence. Plaintiff objects that the remaining portions of this interrogatory invade the attorney-work product privilege by requesting expert opinion prior to the date for disclosure of expert witnesses. Without waiving said objections, the exact nature and future costs of Steven's Life Care Plan is unknown at this time.

**Interrogatory No. 7.1:**

Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property: (a) describe the property; (b) describe the nature and location of the damage to the property; (c) state the amount of damage you are claiming for each item of property and how the amount was calculated; (d) if the property was sold, state the name, **ADDRESS** and telephone number of the seller, the date of sale, and the sale price:

**Answer:**

None.

**Interrogatory No. 8.1:**

Do you attribute any loss of income or earning capacity to the INCIDENT? (*If your answer is "no," do not answer interrogatories 8.2 through 8.8*).

**Answer:**

Steven Butler is not making a wage loss claim.

**Interrogatory No. 8.2:**

State: (a) the nature of your work; (b) your job title at the time of the **INCIDENT**; (c) the date your employment began.

**Answer:**

Not applicable.

**Interrogatory No. 8.3:**

State the last date before the **INCIDENT** that you worked for compensation.

**Answer:**

Not applicable.

**Interrogatory No. 8.4:**

State your monthly income at the time of the INCIDENT and how the amount was calculated.

**Answer:**

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES (SET ONE)

Not applicable.

**Interrogatory No. 8.5:**

State the date you returned to work at each place of employment following the **INCIDENT**.

**Answer:**

Not applicable.

**Interrogatory No. 8.6:**

State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

**Answer:**

Not applicable.

**Interrogatory No. 8.7:**

State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

**Answer:**

Not applicable.

**Interrogatory No. 8.8:**

Will you lose income in the future as a result of the **INCIDENT**? If so, state: (a) the facts upon which you base this contention; (b) a estimate of the amount; (c) a estimate of how long you will be unable to work; (d) how the claim for future income is calculated.

**Answer:**

Not applicable.

**Interrogatory No. 9.1:**

Are there any other damages that you attribute to the **INCIDENT**? If so, for each item of damages, state: (a) the nature; (b) the date it occurred; (c) the amount; and (d) the name, **ADDRESS** and telephone number of each **PERSON** to whom an obligation was incurred.

**Answer:**

None.

**Interrogatory No. 9.2:**

Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory No. 9.1? If so, state the name, **ADDRESS** and telephone number of the

-11-

PERSON who has each DOCUMENTS.

**Answer:**

Not applicable.

**Interrogatory No. 10.1:**

At any time before the INCIDENT, did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each, state: (a) a description of the complaint or injury; (b) the dates it began and ended; and (c) the name, ADDRESS and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

**Answer:**

None.

**Interrogatory No. 11.1:**

Except for this action, in the last ten years, have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim or demand, state: (a)    the date, time and location of the INCIDENT (closest street ADDRESS or intersection); (b) the name, ADDRESS and telephone number of each PERSON against whom the claim was made or action filed; (c) the court, names of parties and case number of any action filed; (d) the name, ADDRESS and telephone number of any attorney representing you; (e) whether the claim or action has been resolved or is pending; and (f) a description of the injury.

**Answer:**

No.

**Interrogatory No.11.2:**

In the last ten years, have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand, state: (a) the date, time and place of the INCIDENT giving rise to the claim; (b) the name, ADDRESS and telephone number of your employer at the time of the injury; (c) the name, ADDRESS and telephone number of the workers' compensation insurer and the claim number; (d) the period of time during which you received workers' compensation benefits (e) the description of the injury; (f) the name, ADDRESS and telephone number of any HEALTH CARE PROVIDER that provided

-12-

services; and (g) the case number at the Workers' Compensation Appeals Board.

**Answer:**

No.

**Interrogatory No. 12.1:**

State the name, **ADDRESS** and telephone number of each individual: (a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**; (b) who made any statement at the scene of the **INCIDENT**; (c) who heard any statements made about the **INCIDENT** by any individual at the scene; and (d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure § 2034).

**Answer:**

Please see Watsonville Police Department investigative reports.

**Interrogatory No. 12.2:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual, state: (a) the name, **ADDRESS** and telephone number of the individual interviewed; (b) the date of the interview; and (c) the name, **ADDRESS** and telephone number of the **PERSON** who conducted the interview.

**Answer:**

Objection: Attorney-work product privilege.

**Interrogatory No. 12.3:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement, state: (a) the name, **ADDRESS** and telephone number of the individual from whom the statement was obtained; (b) the name, **ADDRESS** and telephone number of the individual who obtained the statement; (c) the date the statement was obtained; and (d) the name, **ADDRESS** and telephone number of each **PERSON** who has the original statement or a copy.

**Answer:**

Objection: Attorney-work product privilege.

**Interrogatory No. 12.4:**

-13-

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films or videotapes depicting any place, object or individual concerning the **INCIDENT** or plaintiff's injuries?  If so, state: (a) the number of photographs or feet of film or videotape; (b) the places, objects or persons photographed, filmed or videotaped; (c) the date of the photographs, films or videotapes were taken; (d) the name, **ADDRESS** and telephone number of the individual taking the photographs, films or videotapes; and (e) the name, **ADDRESS** and telephone number of each **PERSON** who has the original or a copy.

**Answer:**

Yes.

(a) 34 photographs

(b) Steven Alan Butler

(c) Date of the subject accident.

(d) Family members and Watsonville Police Department.

(e)My attorney, G. Dana Scruggs, Esq., 340 Soquel Avenue, Suite 215, Santa Cruz, CA 95062 (831) 457-1700

**Interrogatory No. 12.5:**

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure § 2034) concerning the incident?  If so, for each item, state: (a) the type (diagram, reproduction or model); (b) the subject matter; and (c) the name, **ADDRESS** and telephone number of each **PERSON** who has it.

**Answer:**

Please see Watsonville Police Department investigative reports.

**Interrogatory No. 12.6:**

Was a report made by any **PERSON** concerning the **INCIDENT**?  If so, state: (a) the name, title, identification number, and employer of the **PERSON** who made the report; (b) the date the type of report made; (c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and (d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

**Answer:**

Please see Watsonville Police Department investigative reports.

**Interrogatory No. 12.7:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state: (a)   the   name,   **ADDRESS**   and   telephone number   of   the   individual   making   the   inspection   (except   for   expert   witnesses   covered   by Code of Civil Procedure §2034); and (b) the date of the inspection.

**Answer:**

No.

**Interrogatory No. 13.1:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual   involved   in   the   **INCIDENT**   or   any   party   to   this   action?   If   so,   for   each surveillance, state: (a) the name, **ADDRESS** and telephone number of the individual or party; (b) the time, date and place of the surveillance; (c) the name, **ADDRESS** and telephone number of the **PERSON** who conducted the surveillance; and (d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film or videotape.

**Answer:**

No.

**Interrogatory No. 13.2:**

Has a written report been prepared on the surveillance? If so, for each written report, state: (a) the title; (b) the date; (c) the name, **ADDRESS** and telephone number of the **PERSON** who prepared the report; and (d) the name, **ADDRESS** and telephone number of each **PERSON** who has the original or a copy.

**Answer:**

Not applicable.

**Interrogatory No. 14.1:**

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statutes, ordinance or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was

-15-

violated.

**Answer:**

Objection: To the extent that the interrogatory seeks an identification of a statute, ordinance or regulation, this interrogatory seeks my attorney's work product. _Sav-On Drugs vs. Superior Court_, (1975) 15 Cal.3d 1,5. Without waiving said objection, investigation is ongoing and discovery has just commenced.

**Interrogatory No. 14.2:**

Was any **PERSON** cited or charged with a violation of any statute, ordinance or regulation as a result of this **INCIDENT**?  If so, for each **PERSON**, state: (a) the name, **ADDRESS** and telephone number of the **PERSON**; (b) the statute, ordinance or regulation allegedly violated; (c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and (d) the name and **ADDRESS** of the court or administrative agency, names of the parties and case number.

**Answer:**

Yes, Steven Butler was charged with violation of Health and Safety Code Section 11357(B)(1); Penal Code Section 148(A)(1) and 647(F)(1).  All charges were dismissed by the Santa Cruz Superior Court, 701 Ocean Street, Santa Cruz, CA.

**Interrogatory No. 17.1:**

Is your response to each request for admission served with these interrogatories an unqualified admission?  If not, for each response that us not an unqualified admission:  (a) state the number of the request; (b) state all facts upon which you base your response; (c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and (d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**Answer:**

Not applicable.

/ / /

/ / /

/ / /

-16-

1 | DATED: April 27, 2009

2

CARTWRIGHT, SCRUGGS, FULTON & WALTHER
Attorneys at Law

3

4  By: _____

5  G. Dana Scruggs, Esq.
   Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES (SET ONE)

**PROOF OF SERVICE**
**[C.C.P. §1013(a) and 2015.5, C.R.C. § 2008, F.R.C.P. Rule 5]**

I, the undersigned, declare that:

I am employed in the County of Santa Cruz, California; I am over the age of eighteen years and not a party to the within cause and my business address is 340 Soquel Avenue, Suite 215, Santa Cruz, California 95062.

On this 05 day of May 2009, I served the within **PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES (SET 1)** on the interested parties in said cause, by placing a true and correct copy thereof addressed as follows:

Mildred K. O'Linn, Esq.
Timothy J. Kral, Esq.
MANNING & MARDER, KASS, ELLROD, RAMIREZ
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Fax (213) 624-6999
*Attorneys for TASER INTERNATIONAL, INC.*

(X)  **BY MAIL**  Having full knowledge of the outgoing mail system of this firm, in that all mail in the outgoing mail basket is deposited each evening in the United States Mail, in the City and County of Santa Cruz, State of California, I enclosed a     true Copy of said document(s) in a sealed envelope, with fully-paid postage thereon in the outgoing mail basket.

( )  **BY PERSONAL SERVICE** I caused each such envelope to be delivered by hand to the addressee(s) noted above.

( )  **BY FACSIMILE** I caused the said document to be transmitted by facsimile machine to the number indicated above.

( )  **BY EXPRESS MAIL** I caused each such envelope to be deposited into a designated Federal Express mail box for pick-up on the date of execution of this declaration.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 05 day of May 2009, at Santa Cruz, California.

_____
Patty Sanchez – Declarant

PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES (SET ONE)